IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AWILDA MATEO RIVERA,

    Plaintiff,

    v.                                 CIVIL NO.: 19-1301 (MEL)

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**OPINION AND ORDER**

**I.    Procedural and Factual Background**

Pending before the court is Ms. Awilda Mateo Rivera's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability benefits under the Social Security Act. ECF No. 16. On September 22, 2015, Plaintiff filed an application for Social Security benefits alleging that she initially became unable to work due to disability on November 7, 2013. Tr. 12.[1] Plaintiff previously worked as an administrative clerk and stopped working in July 2011 to take care of her ailing mother. Tr. 18, 20, 30-31, 44-45. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. Tr. 14. Plaintiff's disability claim was denied on March 14, 2016, and upon reconsideration. Tr. 12.

Thereafter, Plaintiff requested a hearing which was held on September 11, 2017 before Administrative Law Judge Victoria Ferrer ("the ALJ"). Tr. 26-48. At the hearing, Plaintiff amended her alleged onset date of disability to November 11, 2014 ("the onset date"). Tr. 12, 31. On December 15, 2017, the ALJ issued a written decision finding that Plaintiff was not disabled.

---

[1] "Tr." refers to the transcript of the record of proceedings.

Tr. 21. Thereafter, Plaintiff requested review of the ALJ's decision. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner, subject to judicial review. Tr. 1-4. Plaintiff filed a complaint on April 2, 2019. ECF No. 1. Both parties have filed supporting memoranda. ECF Nos. 16, 17.

**II.     Legal Standard**

    **A. Standard of Review**

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether her factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined

that plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work in the national economy that plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

**C. The ALJ's Decision**

In the case at hand, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. Tr. 14. At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period. Id. At step two, the ALJ determined that Plaintiff had severe impairments of cervical spine spondylosis and mild lumbar disc desiccation. Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17. Next, the ALJ determined that during the relevant period

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except: she can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can sit for about six hours in an eight-hour workday and stand and/or walk for about six hours in an eight-hour workday. She can also push or pull as much as she can lift or carry. She can occasionally interact with the public.

Id. At step four, the ALJ presented Plaintiff's RFC limitations to a vocational expert who testified that Plaintiff could perform her past relevant work as an administrative clerk as generally performed in the national economy. Tr. 21, 46-48. Thus, the ALJ concluded that she was not disabled. Tr. 21.

**III.   Legal Analysis**

Plaintiff objects to the ALJ's final decision denying her disability benefits on two grounds. Plaintiff alleges that the ALJ erred at step two of the sequential process by finding that she did not have a severe mental impairment. ECF No. 16, at 8-11. It is also claimed by Plaintiff that the ALJ's step four determination that she can perform her past work as an administrative clerk is not supported by substantial evidence. Id. at 11-12.

### A. The ALJ's Step Two Determination

Plaintiff argues that the ALJ's determination that she did not have a severe mental impairment is not supported by substantial evidence. ECF No. 16, at 8-11. At step two, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). A severe impairment is one that significantly limits a claimant's physical or mental ability to perform basic work activities. See López-González v. Comm'r of Soc. Sec., 59 F. Supp. 3d 372, 378 (D.P.R. 2014) (citing 20 C.F.R. § 404.1520(c)). The step two severity requirement imposes a de minimis burden, which is designed to screen out groundless claims. McDonald v. Sec'y of Health and Human Servs., 795 F.2d 1118, 1123 (1st Cir. 1986).

In evaluating the severity of a claimant's medically determinable mental impairment, the ALJ rates the degree of functional limitation caused by said impairment. See 20 C.F.R. § 404.1520a(b)(2). The ALJ assesses the degree of functional impairment resulting from four broad functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing themselves.[2] Id. at § 404.1520a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00. If the degree of limitation in these areas is evaluated as mild or better, the ALJ will generally conclude that the claimant's mental impairment is not severe. See 20 C.F.R. § 404.1520a(d)(1).

In the case at hand, the ALJ determined that Plaintiff did not have a severe mental impairment even though the record contained evidence of depression. Tr. 14-17. In January 2016, treating psychiatrist Dr. Leslie A. Colón Freyre ("Dr. Colón") diagnosed Plaintiff with

---

[2] The medical criteria used to evaluate claims involving mental disorders have been revised, effective January 17, 2017. Kreischer v. Berryhill, Civ. No. 18-1034, 2019 WL 2177916, at *3 n.3 (S.D. Cal. May 20, 2019). The revised criteria apply to ALJ decisions issued after that date. The ALJ decision in the case at bar was issued on December 15, 2017, so the revised criteria applies. Tr. 21.

major depressive disorder and anxiety disorder. Tr. 657. Dr. Colón, however, assessed Plaintiff with a Global Assessment of Functioning ("GAF") score of 60 which the ALJ noted was "close to a finding of mild symptoms or mild difficulty functioning." Tr. 15, 657. Dr. Colón observed that Plaintiff had a cooperative attitude, appropriate affect, and normal speech flow. Tr. 263, 654. Dr. Colón also opined that Plaintiff was oriented in all spheres, had normal attention and concentration, normal memory, and normal judgment and decision making. Tr. 262-64. Plaintiff's mental condition was treated with the medications Lexapro, Ambien, and Klonopin. Tr. 265-66. Subsequent progress notes from Dr. Colón revealed that Plaintiff had symptoms of anxiety and depression, but that she was fully oriented, maintained a cooperative attitude, and continued to have appropriate insight, judgment, and memory.[3] Tr. 276, 278, 280, 282, 284.

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because she ignored Dr. Colón's opinion evidence. ECF No. 16, at 10. Plaintiff's argument is unavailing as the ALJ referenced Dr. Colón's progress notes at numerous points in her decision. Tr. 15-17. The mere fact that the ALJ did not quote every part of Dr. Colón's progress notes does not mean that her decision is not supported by substantial evidence. See Santiago v. Sec'y of Health and Human Servs., Civ. No. 94-1891, 1995 WL 30568, at *4 (1st Cir. Jan. 25, 1995) ("The ALJ was not required to recite every piece of evidence which favored appellant."); Rodríguez v. Sec'y of Health and Human Servs., 915 F.2d 1557, 1990 WL 152336, at *1 (1st Cir. Sept. 11, 1990) ("An ALJ is not required to expressly refer to each document in the record, piece-by-piece").

On February 12, 2016, consultative clinical psychologist Dr. Roberto Irizarry Rivera ("Dr. Irizarry") examined Plaintiff and diagnosed her with major depressive disorder and anxiety

---

[3] These progress notes refer to Dr. Colón's treatment of Plaintiff in June 2016, August 2016, November 2016, January 2017, and March 2017.

disorder. Tr. 253. Dr. Irizarry assessed Plaintiff with a GAF score of 50 and opined that her prognosis was reserved and that she may decompensate if she is in a stressful environment. Tr. 247-53. The ALJ noted, however, that Dr. Irizarry's examination revealed essentially normal findings. Tr. 15. Dr. Irizarry noted that Plaintiff had a depressed mood, but found that she was oriented in all spheres, established a good rapport during the interview with relevant speech, and that her thought process was coherent, relevant, and logical. Tr. 250. Dr. Irizarry also opined that Plaintiff was able to handle funds and that she had adequate insight, social judgment, and attention and concentration levels. Tr. 253. Plaintiff reported to Dr. Irizarry that she can perform her daily activities independently but may need help lifting heavy items. Tr. 250. Plaintiff also stated that she spends time with her immediate family but cannot participate in group activities because of her anxiety. Id. It was also reported by Plaintiff that she had adequate relationships with co-workers and supervisors when she worked. Id.

On February 22, 2016, state agency clinical psychologist Dr. Luis Umpierre ("Dr. Umpierre") reviewed the available record evidence including Dr. Irizarry's consultative examination and Plaintiff's function report. Tr. 295. Dr. Umpierre described Plaintiff's depression as only "slight," and noted that Plaintiff's limitations were physical in nature. Id. Dr. Umpierre opined that Plaintiff had only mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation. Id.

On June 2, 2016, state agency clinical psychologist Dr. Janice Calderón ("Dr. Calderón") reviewed the record evidence upon reconsideration which included evidence that was available to Dr. Umpierre as well as Dr. Colón's progress notes from January 2016 and May 2016. Tr. 303, 313. Dr. Calderón properly noted that Dr. Colón's findings indicated that Plaintiff had an

appropriate appearance, anxious mood, and appropriate judgment, insight, and memory. Tr. 312-13, 258-66. Dr. Calderón opined that Plaintiff had only mild restrictions of activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation. Tr. 312. Plaintiff claims that Dr. Calderón did not review Dr. Irizarry's consultative opinion. ECF No. 16, at 11. Plaintiff's claim is unfounded as Dr. Calderón properly considered Dr. Irizarry's opinion but found only mild limitations in mental functioning. Tr. 15, 306, 310-313.

Next, Plaintiff argues that the opinions of Dr. Umpierre and Dr. Calderón are flawed because they did not consider all of Dr. Colón's progress notes in their assessments. ECF No. 16, at 10. Plaintiff's argument does not hold water. "As an initial matter, a state agency physician's opinion is not rendered invalid simply because it is offered prior to other medical opinions." Brown v. Colvin, Civ. No. 15-2539, 2016 WL 553522, at *6 (D.S.C. Sept. 30, 2016). It can be reversible error for the ALJ to rely upon the opinion of a non-examining state agency consultant who has not examined the full medical record which details greater limitations than the record considered by the state agency consultant. See Blackette v. Colvin, 52 F. Supp. 3d 101, 113-14 (D. Mass. 2014); Ferland v. Astrue, Civ. No. 11-123, 2011 WL 5199989, at *4 (D.N.H. Oct. 31, 2011). The ALJ, however, "may rely on such an opinion where the evidence postdating the reviewer's assessment does not establish any greater limitations . . . or where the medical reports of claimant's treating providers are arguably consistent with, or at least not clearly inconsistent with, the reviewer's assessment." Ferland, 2011 WL 5199989, at *4; Abubakar v. Astrue, Civ. No. 11-10456, 2012 WL 957623, at *12 (D. Mass. Mar. 21, 2012).

In the case at hand, Dr. Colón diagnosed Plaintiff with major depressive disorder and anxiety disorder but her progress notes continuously reflected that she remained fully oriented,

9

maintained a cooperative attitude and appropriate appearance, did not experience suicidal or homicidal ideation, and maintained appropriate insight, judgment, and memory.[4] Tr. 276, 278, 280, 282, 284. Thus, Dr. Colón's findings are not inconsistent with Dr. Umpierre's assessment that found only mild limitations. Tr. 295. See Ferland, 2011 WL 5199989, at *4. Furthermore, Dr. Calderón specifically considered Dr. Colón's progress notes from January 2016 and May 2016. Tr. 303, 313. Dr. Colón's progress notes after May 2016 reflect similar findings to her earlier progress notes.[5] See Tr. 276, 278, 280, 282, 284. Thus, the ALJ did not err in relying upon the opinion of Dr. Calderón because Dr. Colón's progress notes after May 2016 did not evidence greater limitations or a worsening of Plaintiff's condition. See Ferland, 2011 WL 5199989, at *4.

In finding that Plaintiff did not have a severe mental impairment, the ALJ also properly considered the four broad areas of mental functioning set forth in the regulations. Tr. 16-17. See 20 C.F.R. § 404.1520a(c)(3). In understanding, remembering, or applying information, the ALJ found that Plaintiff had mild limitations. Tr. 16. The ALJ noted that in January 2016, Dr. Colón found that Plaintiff was oriented in all spheres, demonstrated appropriate thought content, and maintained normal attention, concentration, and memory. Tr. 271-72. Subsequent progress notes from Dr. Colón revealed that she had appropriate memory, judgment, and insight.[6] Tr. 258-59, 276-285. In February 2016, Dr. Irizarry assessed Plaintiff with coherent, relevant, and logical thought process, full orientation, and opined that she is able to handle funds. Tr. 250-53. In October 2016, treating cardiologist Dr. William Borges ("Dr. Borges") noted that Plaintiff was alert, oriented in all spheres, and had knowledge of current events and past history. Tr. 709, 711.

---

[4] These progress notes refer to Dr. Colón's treatment of Plaintiff in June 2016, August 2016, November 2016, January 2017, and March 2017.
[5] These progress notes refer to Dr. Colón's treatment of Plaintiff in June 2016, August 2016, November 2016, January 2017, and March 2017.
[6] Plaintiff received additional treatment from Dr. Colón in May 2016, June 2016, August 2016, November 2016, January 2017, and March 2017.

Furthermore, Plaintiff reported in her function report that she was able to count change, pay bills, and handle a savings account. Tr. 59.

Regarding interacting with others, the ALJ found that Plaintiff had mild limitations. Tr. 16. First, the ALJ noted that the record reflected that Plaintiff interacted appropriately with healthcare providers. Tr. 16. It was also noted by the ALJ that the treatment records did not establish any significant problems relating to neighbors or community members, and there was no present involvement with law enforcement. Tr. 16, 249. In her function report, Plaintiff reported that she is able to attend church depending on her health. Tr. 60. Dr. Irizarry's February 2016 psychological report indicated that Plaintiff reported that she spends time with her immediate family, and she had adequate relationship with co-workers and supervisors when she worked. Tr. 250. The ALJ also noted that both Dr. Umpierre and Dr. Calderón assessed mild limitations in this domain of functioning. Tr. 16, 295, 312. Plaintiff has not cited to any record evidence contradicting the ALJ's findings as to her ability to interact with others.

Next, the ALJ determined that Plaintiff had only mild limitations in concentrating, persisting, or maintaining pace. Tr. 16. In January 2016, Dr. Colón opined that Plaintiff was oriented in all spheres and had normal attention and concentration. Tr. 260-64. The ALJ noted that Dr. Irizarry's February 2016 psychological report reflected that Plaintiff's attention and concentration levels were adequate. Tr. 16, 253. The ALJ noted that while Plaintiff alleged in her function report that she was unable to complete tasks, she indicated that her memory, concentration, and ability to follow instructions were not affected by her conditions. Tr. 16, 61. Furthermore, Dr. Umpierre and Dr. Calderón opined that Plaintiff only had mild limitations in this domain of functioning. Tr. 295, 312.

As for adapting or managing oneself, the ALJ found that Plaintiff had only mild limitations. Tr. 17. The ALJ noted that no treating or examining physician expressed concern regarding her ability to care for her needs. Tr. 17. In January 2016, Dr. Colón assessed Plaintiff with normal grooming and appropriate clothing. Tr. 271. In February 2016, Dr. Irizarry noted that Plaintiff was adequately dressed and showed a clean appearance. Tr. 633. Plaintiff reported to Dr. Irizarry that she can perform her daily activities independently but may need help lifting heavy items. Tr. 250. Plaintiff has not cited to any record evidence to discredit the ALJ's findings that no physician expressed concern regarding her ability to care for herself.

Plaintiff argues that she was diagnosed with major depressive disorder and takes medications, and thus, "[i]t is fair to infer that no medical professional would prescribe medications for a mental condition if the mental condition is not present." ECF No. 16, at 9. Plaintiff's argument confuses the issue as the ALJ did not make a finding that no mental condition was present. Instead, the ALJ reasonably determined that Plaintiff's alleged mental impairments were not severe. Tr. 17. A mental health diagnosis and evidence of treatment are insufficient alone to establish a severe impairment. See Matar v. Comm'r of Soc. Sec., Civ. No. 15-291, 2016 WL 1064627, at *5 (S.D. Ohio Mar. 15, 2016) ("The fact that plaintiff was diagnosed with and received medication for depression does not necessarily mean that plaintiff's depression constitutes a severe impairment that imposes work-related limitations."); Lockhart v. Comm'r of Soc. Sec., Civ. No. 16-12303, 2017 WL 4158668, at *5 (E.D. Mich. Aug. 23, 2017) ("It is well-settled that the mere existence of an impairment does not mean that the impairment is severe within the meaning of the second sequential step.").

Plaintiff has not carried her burden to demonstrate that her mental condition constituted a severe impairment. Aseniero-Bagley v. Comm'r of Soc. Sec., Civ. No. 11-1952, 2013 WL

444657, at *5 (D.P.R. Feb. 5., 2013) ("At step two of the sequential evaluation process, it is the plaintiff's burden to prove that she has a medically determinable severe impairment or a combination of medically determinable impairments."). The ALJ's step two determination that Plaintiff's mental condition did not constitute a severe impairment is supported by substantial evidence.

### B. The ALJ's Step Four Determination

Plaintiff argues that the ALJ's step four determination that she could perform her past work as an administrative clerk is not supported by substantial evidence. ECF No. 16, at 11-12. At step four of the sequential process, the ALJ assesses whether a claimant's impairment or impairments prevent her from doing the type of work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). A claimant retains the capacity to perform her past relevant work when she can perform the functional demands and duties of the job as she actually performed it or as generally required by employers throughout the national economy. See SSR 82-61, 1982 WL 31387 at *2; Ramos-Rodríguez v. Comm'r of Soc. Sec., Civ. No. 11-1323, 2012 WL 2120027, at *5 (D.P.R. June 11, 2012) ("A claimant is in turn deemed capable of performing his past relevant work if his RFC allows him to do the job '[e]ither as the claimant actually performed it or as generally performed in the national economy.'" (citing 20 C.F.R. § 404.1560(b)(2))).

In the case at bar, the ALJ presented Plaintiff's RFC limitations to a vocational expert ("VE"). Tr. 46-47. The VE testified that a hypothetical individual with a similar RFC could not perform Plaintiff's past work as an administrative clerk as she actually performed it because her position required frequent interaction with the public. Tr. 47. The VE, however, proceeded to testify that a hypothetical individual could perform Plaintiff's past work as an administrative clerk as it is generally performed in the national economy. Id. The ALJ properly relied upon the

VE's opinion to determine that Plaintiff was not disabled since her RFC limitations did not preclude her from performing her past work as an administrative clerk as it is generally performed in the national economy. Tr. 30. See Ramos-Rodríguez, 2012 WL 2120027, at *5.

Plaintiff argues that if the ALJ had adequately assessed her mental condition, then she would likely be limited to unskilled work, and thus, unable to perform her past work as an administrative clerk as it is generally performed. ECF No. 16, at 12. As stated earlier, substantial evidence supports the ALJ's determination at step two of the sequential process and Plaintiff cannot rehash her step two argument at this final step. See Vélez-Pantoja v. Astrue, 786 F. Supp. 2d 464, 469 (D.P.R. 2010) ("It is well within the ALJ's authority to weigh the evidence . . . and to use only credible evidence in posing a hypothetical question to a vocational expert. Hypothetical questions need only reasonably incorporate the disabilities recognized by the ALJ."). Plaintiff has not provided any developed argumentation that she had limitations beyond the ALJ's RFC determination. Thus, the ALJ's step four determination is supported by substantial evidence.

## IV. Conclusion

Based on the foregoing analysis, the court concludes that the decision of the Commissioner that Plaintiff was not entitled to disability benefits was supported by substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of December, 2020.

                                                                   s/Marcos E. López
                                                                   U.S. Magistrate Judge